Appeal from an order of the Clinton County Court which dismissed a writ of habeas corpus and remanded appellant to the Warden of Clinton Prison. Appellant was sentenced as a fourth offender, with a minimum term of not less than fifteen years and a maximum of his natural life. His contention is that one of the crimes, for which he was convicted in Canada, would not have been a felony in the State of Hew York. The crime committed in Canada was an atttempt to commit extortion by means of oral threats. Prior to September 1, 1911, an attempt to commit extortion was not a felony in this State (People ex rel. Perry v. Gillette, 200 H. Y. 275). This was so held, as an exception to the general rule that an attempt to commit a felony is also a felony, by reason of the language of section 857 of the Penal Law, which apparently made an unsuccessful attempt to commit extortion by means of oral threats a misdemeanor. This section was amended by chapter 121 of the Laws of 1911, in effect September 1, 1911, by the addition of the following sentence: “ The provisions of this section do not apply to matters governed by section eight hundred and fifty-one of this act.” Section 851 defines the oral or written threats that may induce fear so as to constitute extortion, and among them the threat to accuse any person of a crime. This is what the appellant was convicted of in Canada. Since the amendment of 1911 to section 857 of the Penal Law an attempt to extort money by oral threats has been deemed a felony. (People V. Vitushy, 155 App. Div. 139.) Order affirmed. All concur.